DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Bowling Green Municipal Court, finding a defendant guilty of operating a motor vehicle under the influence of alcohol after a no contest plea. Because we conclude that the trial court erred in denying appellant's motion to suppress, we reverse.
 {¶ 2} South Main Street at Gypsy Lane Road in Bowling Green, Ohio, is a four lane highway with a fifth left turn lane. Traffic lights control each lane. On the evening of October 12, 2002, shortly before 11:30 p.m., a Bowling Green Police Officer was southbound on South Main and waiting for the left turn light to turn eastbound on Gypsy Lane.
 {¶ 3} While waiting, the officer observed a car driven by appellant, Ronald A. Downs, go through the intersection in the far right southbound lane. According to the later testimony of the officer, when appellant's vehicle was approximately 250 feet south of the intersection, the officer saw appellant's left wheels cross the white broken line between the two south bound lanes for approximately one second. The officer testified that appellant's temporary incursion into the adjacent lane was between 3 and 12 inches. There was no other traffic on that portion of South Main Street at that time.
 {¶ 4} On observing appellant cross the lane divider line, the officer initiated pursuit, pulling appellant over approximately two miles later. During this time the officer noted no other erratic or unlawful driving by appellant.
 {¶ 5} When the officer approached appellant's car, he detected a strong odor of an alcoholic beverage and observed an open beer container in the front seat. According to the officer, appellant conceded that he had "a few" beers. Appellant was unsteady on his feet and declined to perform field sobriety tests. The officer arrested appellant, charging him with operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19 (A)(1), driving left of center and an open container.
 {¶ 6} Appellant pled not guilty and moved to suppress the evidence flowing from the traffic stop on the grounds that the stop was initiated absent reasonable articulable suspicion that appellant was driving while impaired.
 {¶ 7} At the suppression hearing, the officer testified that the sole basis for the stop was the appellant's crossing the lane divider line one time. On cross-examination, the officer conceded that a video tape taken from a camera mounted in his patrol cruiser failed to confirm the officer's testimony that appellant crossed the lane divider. When the trial court denied appellant's motion to suppress, the state dismissed the open container and left of center charges. Appellant amended his plea to "no contest" to a violation of R.C. 4511.19(A)(1). The court found appellant guilty. This appeal followed.
 {¶ 8} Appellant sets forth this following single assignment of error:
 {¶ 9} "The trial court erred in denying defendant-appellant's motion to suppress when the investigating officer did not possess a reasonable and articulable suspicion to justify a stop and detention of appellant, and as is required under the fourth andfourteenth amendments to the United States Constitution and Article I, Sections 14 of the constitution of the state of ohio"
 {¶ 10} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures. The temporary detention of a person during a traffic stop is a seizure. State v. Vass,
Mahoning App. No. 01CA 4, 2002-Ohio 6887, ¶ 12, citing Delawarev. Prouse (1979), 440 U.S. 648. There are two types of traffic stops, with a different constitutional standard applying to each.State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128.
 {¶ 11} The first is the ordinary stop in which a police officer witnesses a violation of the traffic code and stops the motorist to issue a citation, a warning, or effect an arrest. For such a traffic stop, there must be "probable cause." Id. "Probable cause" is "a reasonable ground for belief of guilt."State v. Moore (2000), 90 Ohio St.3d 47, 49. In an ordinary traffic stop, probable cause is provided when an officer witnesses a traffic violation. State v. Moeller, supra.
 {¶ 12} The second variety of a traffic stop is an investigatory stop. An investigatory stop is the motorized equivalent of a "Terry" stop, Id.; see Terry v. Ohio (1968),392 U.S. 1, and requires the Terry standard to be constitutionally acceptable: "articulable and reasonable suspicion" that an offense has been or is being committed.Delaware v. Prouse, supra, at 673.
 {¶ 13} In a motion to suppress, the state has the burden of proving, by at least a preponderance of the evidence, that a traffic stop was initiated with sufficient cause. Athens v.Wolf (1974) 38 Ohio St.2d 237, 241. Consequently, when reviewing the factual findings of the trial court considering a motion to suppress, the reviewing court is bound to accept those findings when they are supported by competent credible evidence. State v.Retherford (1994), 93 Ohio App.3d 586,592. Accepting those facts as true, we must then, independently, determine as a matter of law whether these facts meet the applicable legal standard to justify a traffic stop. Id.
 {¶ 14} In this matter, although the arresting officer testified that one of his reasons for stopping appellant was to check for an alcohol violation, the only erratic driving the officer observed was the one time the officer observed appellant cross the lane divider line for approximately one second by a distance of 3-12 inches. Absent more, we conclude that this does not constitute a pattern of erratic driving sufficient to justify an investigatory stop. See State v. Gullett (1992),78 Ohio App.3d 138, 145. Notwithstanding this conclusion, even if the officer had an ulterior motive, a traffic stop based on probable cause that a traffic violation has occurred is reasonable.Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus.
 {¶ 15} Appellant devotes a substantial portion of his argument attacking the trial court's finding that he crossed the lane divider. Appellant insists that the officer's testimony of observing such an incursion is contradicted by the plain visual evidence of the videotape. Clearly, according to appellant, the videotape does not show a lane crossing. To some extent, the state concedes this point. Indeed, in our own viewing of the videotape at issue we cannot discern a lane infringement. Nevertheless, we also note that the videotape camera was fixed mounted and focused and the point at which the officer testified that he saw appellant cross the lane divider was several hundred feet away. Even though the tape quality was exceptional, we cannot say that it was so contrary to the officer's testimony as to negate the officer's credibility. Consequently, there was competent credible evidence that appellant crossed the lane divider line.
 {¶ 16} Appellant insists that even if there is evidence that he crossed the lane divider, this did not constitute the offense with which he was charged.
 {¶ 17} Appellant was charged with a violation of R.C. 4511.29
(A). The statute provides, in material part, that "[n]o vehicle or trackless trolley shall be driven to the left of the center of the roadway in overtaking and passing traffic proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made, without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken. * * *"
 {¶ 18} Here, it is undisputed that the appellant did not cross the center line of the roadway. Rather, he crossed the divider line between two southbound lanes. We now look to see if there is evidence of any traffic violation to justify the traffic stop.
 {¶ 19} The more appropriate charge under this set of facts may have been a violation of R.C. 4511.33, which sets out the rules for driving in marked lanes, to wit:
 {¶ 20} "(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 {¶ 21} "(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety. * * *"
 {¶ 22} One thing that the videotape taken from the arresting officer's police cruiser does show is that there was no other traffic on the street. Given this, we cannot see how appellant could have committed an offense which is predicated on the offender's vehicle in relationship to other vehicles. Both R.C.4511.33 and R.C. 4511.29, clearly permit crossing a center line or crossing from one lane to another when traffic allows. Absent traffic there is no offense.
 {¶ 23} There is a third possible charge, a lane change without a signal in violation of R.C. 4511.39. A signaling violation is not dependent on traffic. State v. Lowman (1992),82 Ohio App.3d 831, 835. Nevertheless, the signal is required only in anticipation of an "intention to turn or move right or left [upon a highway]." We have reviewed the Ohio cases on this offense and find none sustained where the vehicle did not move completely from one lane to another. Moreover, the minimal and momentary lane incursion described by the officer here was not likely intended. Indeed, the officer himself did not recognize this maneuver as a signaling violation.
 {¶ 24} Absent an offense there is no reason to stop appellant's vehicle. As a result, the trial court erred in denying appellant's motion to suppress.
 {¶ 25} Accordingly, appellant's sole assignment of error is found well taken.
 {¶ 26} Upon consideration whereof, the judgment of the Bowling Green Municipal Court is reversed. This matter is remanded for further proceedings consistent with this decision and judgment entry. Costs to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.