DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, William G. Powers, appeals the July 8, 2004 judgment of the Lucas County Court of Common Pleas which, following a no contest plea to driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (G)(1)(d), a fourth degree felony, sentenced appellant to three years of community control and a three-year driver's license suspension. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} On March 5, 2004, appellant was indicted on one count of driving while under the influence of alcohol, a fourth degree felony. Appellant entered a not guilty plea. On May 19, 2004, appellant filed a motion to suppress all evidence obtained from the stop and subsequent arrest on the grounds that there was no reasonable and articulable suspicion to stop appellant's vehicle, there was no probable cause to arrest appellant, and that appellant did not refuse to submit to an alcohol test. The state opposed the motion and, on June 9, 2004, following a hearing, the trial court denied the motion. Thereafter, appellant pled no contest to driving while under the influence of alcohol and the court found him guilty. Appellant now appeals and sets forth the following two assignments of error:
 {¶ 3} "First assignment of error
 {¶ 4} "The trial court erred to the prejudice of appellant by denying his motion to suppress, as the evidence against him was obtained in violation of his Fourth and Fourteenth Amendment rights secured by the United States Constitution and Article I, Sections 10 and 14, of the Ohio Constitution.
 {¶ 5} "Second assignment of error
 {¶ 6} "Trooper Bryant lacked probable cause to arrest appellant for operating a motor vehicle while under the influence of alcohol in violation of R.C. § 4511.19(A)(1)."
 {¶ 7} In his first assignment of error, appellant contends that the trial court erroneously denied his motion to suppress where the evidence at the suppression hearing demonstrated that the officer lacked probable cause to stop appellant's vehicle. Specifically, appellant argues that his act of crossing the center line was not sufficient to justify the stop.
 {¶ 8} We note that when reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court must independently determine, without deferring to a trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 9} The testimony presented at the May 19, 2005 suppression hearing provides that on February 1, 2004, at approximately 2:41 a.m., Ohio State Highway Patrol Trooper, Justin Bryant, was traveling behind appellant and observed him "straighten out an S curve" or drive down the center of the marked double yellow lines. Trooper Bryant testified that appellant was left of the center line for the entire curve which was approximately 75 yards in length. Bryant testified that the roads were dry.
 {¶ 10} Bryant testified that once he got though the curve he activated his overhead lights; this automatically activated the video camera mounted in the patrol vehicle. Bryant manually turned on his microphone as he approached the vehicle. Bryant testified that he explained to appellant why he stopped him and that appellant's response was that he did not see any headlights ahead and that is why he drove down the middle.
 {¶ 11} Bryant testified that while speaking with appellant, he detected a strong odor of alcoholic beverage and that appellant's eyes were "red, bloodshot and glassy." Appellant admitted that his driver's license was suspended; he denied having anything to drink. Bryant then conducted a preliminary check of appellant's eyes, looking for a lack of smooth pursuit, to determine whether he wanted to conduct further testing outside of the vehicle. Bryant observed a lack of smooth pursuit and had appellant exit the vehicle.
 {¶ 12} Appellant was then taken in between the two vehicles to perform the horizontal gaze nystagmus ("HGN") test. Bryant first checked for equal pupil size and equal tracking of both eyes. Bryant then performed the lack of smooth pursuit test which, to conform to NHTSA standards, is done twice in each eye. After the first pass, which showed two clues of lack of smooth pursuit, appellant looked away indicating that he did not wish to continue the test. Appellant was then placed under arrest and transported to Ohio State Highway Patrol Post 48 where, according to Bryant, appellant refused to take a breath alcohol test. Bryant testified that his basis for the arrest was the strong odor of alcohol, the bloodshot glassy eyes, and the two clues on the partially completed HGN test.
 {¶ 13} Appellant now argues that Trooper Bryant lacked sufficient probable cause to believe that a traffic violation was being or had been committed. Appellant cites State v. Downs, 6th Dist. No. WD-03-030, 2004-Ohio-3003, to support his argument that because there was no oncoming traffic and that R.C. 4511.29 permits crossing the center line when traffic allows, Bryant was not justified in stopping appellant. We find that Downs is distinguishable from the facts of this case.
 {¶ 14} In Downs, the police officer stopped the appellant after observing from a distance the "appellant's wheels cross the white broken line between the two south bound lanes for approximately one second." Id. at ¶ 3. Although the appellant was charged with a violation of R.C.4511.29(A), driving left of center, this court concluded that the "more appropriate" charge was under R.C. 4511.33, which requires that a motorist stay within a single lane "as nearly as is practicable" and that it is permissible to change lanes after ascertaining "that such movement can be made with safety." Id. at ¶ 19-21. However, we determined that because both R.C. 4511.33 and R.C. 4511.29, "permit crossing a center line or crossing from one lane to another when traffic allows," there was no offense committed because there was no nearby traffic. Id. at ¶ 22.
 {¶ 15} Unlike Downs, in the present case appellant crossed the double yellow center line for a distance of 75 yards. R.C. 4511.33(A)(4) provides that "[o]fficial traffic control devices may be installed prohibiting the changing of lanes on sections of roadway and drivers of vehicles shall obey the directions of every such device." Traffic control devices" include: "all * * * markings, and devices placed or erected by authority of a public body or official having jurisdiction, for the purpose or regulating, warning, or guiding traffic * * *." R.C. 4511.01(QQ). Several courts have determined that crossing the double yellow lines provides an adequate basis for a traffic stop. See State v. Salter, 8th Dist. No. 83194, 2004-Ohio-4086, at ¶ 10, quoting State v. Matlack
(Nov. 2, 1995), 4th Dist. No. 95 CA1658; and State v. Bigley, 9th Dist. No. 02CA0017-M, 2002-Ohio-4149. Further, the Ohio Supreme Court determined that a traffic stop is constitutional where an officer has reasonable articulable suspicion that any criminal violation had occurred, "including a minor traffic violation," even if the stop was pretextual. Dayton v. Erickson, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431.
 {¶ 16} Based on the foregoing, we find that Trooper Bryant had reasonable articulable suspicion to initiate the traffic stop. Appellant's first assignment of error is not well-taken.
 {¶ 17} Appellant's second assignment of error asserts that Trooper Bryant lacked probable cause to arrest appellant for driving while under the influence of alcohol. In Beck v. Ohio (1964), 379 U.S. 89, 91,13 L. Ed. 2d 142, 85 S. Ct. 223, the United States Supreme Court held that probable cause for a warrantless arrest is based on "* * * whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed the offense." In making this determination, a court must examine the totality of facts and circumstances surrounding the arrest. State v. Homan,89 Ohio St.3d 421, 427, 2000-Ohio-212.
 {¶ 18} Appellant contends that the state failed to demonstrate that the smooth pursuit portion of the HGN test was performed in substantial compliance with the NHTSA standards. See State v. Schmitt,101 Ohio St.3d 79, 2004-Ohio-37. Pursuant to R.C. 4511.19(D)(4)(b), the state may introduce the results of field sobriety tests
 {¶ 19} "* * * if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration * * *."
 {¶ 20} In support of his argument, appellant relies on State v. Ryan,
5th Dist. No. 02-CA-00095, 2003-Ohio-2803, where the court found that the state failed to demonstrate that the field sobriety tests were conducted in accordance with NHTSA standards. The court based its holding on the fact that at the suppression hearing the officer only testified as to the appellant's performance on the specific tests; the officer failed to testify as to the standardized requirements of the NHTSA guidelines. Id. at ¶ 20.
 {¶ 21} In this case, at the suppression hearing, Trooper Bryant testified that when administering the HGN test, NHTSA rules require that you first conduct the lack of smooth pursuit, then the distinct, and then the onset tests. Bryant also stated that, according to NHTSA standards, which was how he was trained to perform the HGN test, an officer must perform the lack of smooth pursuit test twice for each eye, going right to left, then right to left. Based on the foregoing, we conclude that Trooper Bryant presented sufficient evidence demonstrating that the HGN test was performed in substantial compliance with the NHTSA standards. Appellant then had the burden to impeach Bryant; this was not done.
 {¶ 22} Accordingly, based on appellant's act of driving left of the double yellow center lines and Trooper Bryant's observations, which included a strong odor of alcohol and red, bloodshot and glassy eyes, and appellant's performance on the first portion of the HGN test, we find that Trooper Bryant had a sufficient basis for believing that probable cause existed to arrest appellant for driving while under the influence of alcohol. Appellant's second assignment of error is not well-taken.
 {¶ 23} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Skow, J. Concur.