DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Robin L. Johnson, appeals a judgment of the Lucas County Court of Common Pleas, which denied appellant's motion to suppress. For the following reasons, we affirm the court's decision.
 {¶ 2} At approximately 11:00 a.m., January 3, 2002, Ohio State Highway Patrol Trooper, Alejo Romero III, who was accompanied by his drug-sniffing dog, Hans, *Page 2 
stopped a white Chevrolet Lumina for traveling ten m.p.h. over the posted speed limit. The vehicle was occupied by the driver, Andrew Flory, appellant, and appellant's dog. Flory produced a valid Montana driver's license, as well as paperwork indicating that the vehicle was rented in San Francisco on January 1, 2002, approximately 36 hours before the stop. Appellant produced a valid Vermont driver's license at the request of Trooper Romero. The trooper told the driver and appellant that he was not going to issue a citation, but asked them to slow down.
 {¶ 3} Trooper Romero then engaged appellant and driver in conversation regarding their destination, origin, purpose for the trip, and their occupations. Appellant and Flory told Trooper Romero that they were traveling from Montana to Vermont to visit family, that Flory was a factory worker, and that appellant was a bartender. Trooper Romero testified that the reason he engaged the driver and appellant in conversation was because appellant seemed nervous, and it was unusual for a passenger who was not in danger of getting a traffic citation to be nervous. Romero also stated that he became even more suspicious after the conversation with the driver and appellant because "you don't see two men engaged in long cross-country travel visiting family for a few days; usually that is done by family, or somebody that is more established financially."
 {¶ 4} The trooper called for backup, and Sergeant Thomas Laubacher arrived almost immediately. While Sergeant Laubacher was performing a records check on the vehicle and the occupants, Trooper Romero conducted a walk around Flory's vehicle with Hans. The drug dog alerted at the seam between the front and rear doors on the driver's *Page 3 
side. Trooper Romero placed the occupants, including appellant's dog, in Sergeant Laubacher's patrol car and immediately searched the trunk of the Chevrolet. In the trunk the police discovered 24 pounds of psilocybin mushrooms, .515 grams of marijuana seeds, rolling papers and $800 cash. Driver Flory and appellant were placed under arrest, and Flory was issued a speeding citation.
 {¶ 5} Appellant moved to suppress the evidence based on two grounds. The first issue involved Hans' reliability as a drug detection dog. An expert witness, Dr. Daniel Craig, testified extensively on this point on behalf of appellant. Appellant also argued that Trooper Romero impermissibly expanded the scope of the investigation by inquiring about the origin, destination and purpose of the trip, as well as the occupation of both occupants. The trial court denied the motion. Appellant withdrew his not guilty plea, entered a plea of no contest, and was found guilty of aggravated drug possession, a second degree felony. He was sentenced to the minimum jail term of two years, which was stayed pending this appeal. Appellant asserts one assignment of error.
 {¶ 6} "Trooper Romero impermissibly expanded the scope of the traffic stop when he conducted a fishing expedition for evidence of further criminal activity."
 {¶ 7} The applicable standard of review on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court. State v. Long (1998), 127 Ohio App.3d 328, 332. We must review the trial court's "findings of fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The *Page 4 
trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998), 127 Ohio App.3d 414, 416
(Citation omitted).
 {¶ 8} The validity of a law enforcement officer's investigatory stop of a motor vehicle is determined under the Fourth Amendment to the Constitution of the United States and Section 14, Article I, Ohio Constitution. Both of these constitutional provisions prohibit unreasonable searches and seizures. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889. Warrantless searches are generally per se unreasonable, subject to specifically established exceptions. State v.Pi Kappa Alpha Fraternity (1986), 23 Ohio St.3d 141, 143-144. Absent an exception, courts are required to exclude all evidence seized in violation of the Fourth Amendment. Mapp v. Ohio (1961), 367 U.S. 643,655, 81 S.Ct 1684, 6 L.Ed.2d 1081. An investigative stop of a motor vehicle is, however, an exception to the Fourth Amendment warrant requirement. U.S. v. Ross (1982), 456 U.S. 798, 102 S.Ct. 2157,72 L.Ed.2d 572.
 {¶ 9} Furthermore, the use of a drug dog to sniff the exterior of a vehicle that is lawfully detained is not a search within the meaning of the Fourth Amendment. State v. Bordieri, 6th Dist. No. L-04-1321,2005-Ohio-4727, ¶ 22. Thus, law enforcement officials do not need reasonable suspicion of drug related activity in order to subject a lawfully detained vehicle to a drug dog sniff. Id. "[W]hen a [drug] dog alerts to the presence of drugs, it gives law enforcement probable cause to search the entire vehicle." State v. Nguyen, 157 Ohio App.3d 482,2004-Ohio-2879, ¶ 22. Additionally, "the fact that a drug dog is properly trained and certified is the only evidence material to a *Page 5 
determination that a particular dog is reliable." Id. at ¶ 55. Finally, in a recent Ohio Supreme Court case, the court held that "[a] traffic stop is not unconstitutionally prolonged when permissible background checks have been diligently undertaken and not yet completed at the time a drug dog alerts on the vehicle." State v. Batchili, 113 Ohio St.3d. 403, 2007-Ohio-2204, syllabus.
 {¶ 10} In the case under consideration, the entire traffic stop took about seven minutes, or half the time usually expended by Trooper Romero prior to issuing a citation. Based on the facts offered at the suppression hearing, the trooper had probable cause to stop the vehicle for speeding and detain Flory and appellant for the length of time necessary to run background checks and issue a citation or warning. Furthermore, as stated above, he was not required to have any reasonable suspicion of drug activity in order to have Hans perform an exterior sniff of the car. Therefore, the fact that his conversation with the occupants of the vehicle also supplied Trooper Romero with some suspicion of drug activity is of little consequence. In addition, the duration of the conversation was not of such a length to impermissibly expand the length of detention. Hans, who was certified as a drug detection dog at the time of the stop, alerted before the permissible background checks were completed, and the alert gave Trooper Romero probable cause to search the entire vehicle.
 {¶ 11} Consequently, in viewing the stop under a totality of the circumstances test, we conclude that Trooper Romero did not engage in an impermissible "fishing *Page 6 
expedition." Therefore, the trial court did not err in denying the motion to suppress, and appellant's sole assignment of error is found not well-taken.
 {¶ 12} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1