OPINION
{¶ 1} Appellant, Chad A. Feerer, appeals his conviction in the Warren County Court of Common Pleas for possession of marijuana. We affirm in part, reverse in part, and remand to the trial court for further proceedings.[1]
 {¶ 2} On September 11, 2007, appellant was visiting with a friend when he called Jeremy Wells, his half-brother, for a ride. Wells agreed, and picked appellant up from his *Page 2 
friend's apartment at approximately 11:00 p.m. However, before appellant could be dropped off at his own apartment, Officer Matthew Weithofer, an officer with the Lebanon Police Department, stopped the vehicle for having only one working headlight.
 {¶ 3} After making the stop, Officer Weithofer approached Wells, the driver, but became suspicious after Wells appeared extremely nervous and failed to make eye contact with him. A short time later, Officer Joshua Holbrook, another officer from the Lebanon Police Department, stopped to assist Officer Weithofer. Officer Holbrook, after approaching the passenger side of the vehicle, also became suspicious when appellant appeared nervous, made no eye contact with him, and continuously stared at a plastic grocery bag sticking out from underneath his seat. After they denied having anything illegal in the vehicle, Officer Weithofer called for a canine unit to conduct a canine sniff, and, pursuant to police protocol, removed Wells and appellant from the vehicle.
 {¶ 4} Shortly after being removed from the vehicle, but before the canine unit arrived, appellant informed Officer Holbrook that the car contained a "little bit" of marijuana. After being asked to get the drugs out of the car, appellant went back to the car, reached underneath the passenger seat, and removed the plastic grocery bag containing over 200 grams of marijuana. Wells and appellant were arrested and subsequently indicted on one count of Possession of Marijuana in violation of R.C. 2925.11(A), a fifth-degree felony. Thereafter, appellant filed a motion to suppress the marijuana, which the trial court denied. After a jury trial, appellant was found guilty and sentenced to nine months in prison.
 {¶ 5} Appellant now appeals the trial court's ruling denying his motion to suppress and his subsequent conviction, raising seven assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DENYING THE APPELLANT'S MOTION TO EXCLUDE EVIDENCE." *Page 3 
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred by denying his motion to suppress because the arresting officers violated his Fourth Amendment rights under the United States Constitution and Section 14, Article I of the Ohio State Constitution. Specifically, appellant claims that the trial court erred in denying his motion to suppress because the state failed to provide "specific and articulable facts justifying [his] detention" that would allow Officer Weithofer and Officer Holbrook, the arresting officers, to expand the scope of the detention beyond the issues related to the initial traffic stop. This argument lacks merit.
 {¶ 9} Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 329, 332. When considering a motion to suppress, the trial court assumes the role of the trier of fact, and therefore, is in the best position to resolve factual questions and evaluate witness credibility. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 8. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence, and then determine, as a matter of law without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. State v. Bryson (2001), 142 Ohio App.3d 397, 402.
 {¶ 10} A "non-investigatory stop," one of two traffic stops recognized in Ohio, is reasonable for Fourth Amendment purposes where an officer has probable cause to believe a criminal act has occurred, such as where an officer observes a traffic violation. State v. Cochran, Preble App. No. CA2006-10-023, 2007-Ohio-3353, ¶ 13; see, e.g., Dayton v.Erickson, 76 Ohio St.3d 3, 11, 1996-Ohio-431. After stopping a vehicle for a traffic violation, an "officer may detain an automobile for a time sufficient to investigate the reasonable, articulable suspicion for which the vehicle was initially stopped." Cochran at ¶ 23, quotingState v. Howard, Preble App. Nos. CA2006-02-002, CA2006-02-003, 2006-Ohio-5656, ¶ 14. *Page 4 
Futher, because "the exterior sniff by a trained narcotics dog to detect the odor of drugs is not a search within the meaning of theFourth Amendment to the Constitution," a canine sniff of a vehicle may be conducted even without the presence of such reasonable, articulable suspicion of criminal activity so long as it is conducted during the time period necessary to effectuate the original purpose of the stop.Cochran at ¶ 25, quoting United States v. Place (1983), 462 U.S. 696,103 S.Ct. 2637.
 {¶ 11} In this case, and based on the facts offered at the suppression hearing, Officer Weithofer and Officer Holbrook had probable cause to believe a traffic violation occurred, and therefore, could stop the vehicle and detain Wells and appellant for the length of time necessary to run background checks and issue a citation or warning. See, e.g.,State v. Johnson, Lucas App. No. L-06-1035, 2007-Ohio-3961. Further, contrary to appellant's claim, Officer Weithofer and Officer Holbrook were not required to have a reasonable, articulable suspicion of drug activity in order to call in a canine unit in an effort to conduct a canine sniff of the vehicle. Cochran at ¶ 25. As a result, it is immaterial whether the officers had a reasonable, articulable suspicion of criminal activity prior to removing Wells and appellant from the vehicle, pursuant to standard police protocol, and in an effort to conduct a canine sniff.[2] Cochran at ¶ 25; Johnson at ¶ 10.
 {¶ 12} Furthermore, the duration of the stop was not of such a length to impermissibly expand the detention. Here, according to Officer Weithofer, the entire encounter took "less than five minutes," and, as the trial court found, it was "very quick" and done even before the permissible background checks were completed. In fact, the canine sniff never even occurred prior to appellant's admission that there was a "little bit" of marijuana in the vehicle, which he *Page 5 
then retrieved and turned over to Officer Holbrook. Accordingly, in viewing the entire stop under the totality of the circumstances, we conclude that the trial court did not err in denying appellant's motion to suppress, and therefore, appellant's first assignment of error overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ALLOWED THE STATE TO PRESENT SUBSTANTIVE EVIDENCE OF GUILT BY WAY OF TESTIMONY AS TO APPELLANT'S PRE-ARREST SILENCE."
 {¶ 15} In his second assignment of error, appellant argues that the trial court erred by permitting the state to use appellant's pre-arrest silence as substantive evidence in violation of his rightsFifth Amendment privilege against self incrimination. We agree.
 {¶ 16} In Jenkins v. Anderson (1980), 447 U.S. 231, 100 S.Ct. 2124, the United States Supreme Court held that the use of pre-arrest,pre-Miranda silence to impeach a criminal defendant does not violate theFifth Amendment right to be free from self-incrimination, nor theFourteenth Amendment right to due process. Id. at 238, 240. However, the use of a defendant's silence as substantive evidence, irrespective of whether the silence was pre-arrest or post-arrest, is unconstitutional.State v. Leach, 102 Ohio St.3d 135, 2004-Ohio-2147, ¶ 38 (holding that the use of pre-arrest, pre-Miranda silence as substantive evidence violates the Fifth Amendment privilege against self incrimination);Wainright v. Greenfield (1986), 474 U.S. 284, 291, 106 S.Ct. 634
(holding use of defendant's post-arrest, post-Miranda silence as substantive evidence violates the Due Process Clause).
 {¶ 17} In this case, the state introduced evidence during its direct examination of Officer Holbrook, over appellant's objection, that he never denied ownership of the marijuana hidden underneath the passenger seat. Here, the state claims that the evidence of appellant's pre-arrest, pre-Miranda silence was used to impeach him, and therefore, admissible. However, appellant never testified at his trial, so the introduction of his pre-arrest *Page 6 
silence was not used to impeach his testimony. See, e.g., Leach
at ¶ 29. As a result, the state violated appellant's Fifth Amendment privilege against self incrimination when it used his pre-arrest silence as substantive evidence.
 {¶ 18} Accordingly, based on our review of the record, we find that the references to appellant's pre-arrest silence in the state's case-in-chief was improper, clearly prejudicial, and denied appellant a fair trial. State v. Riffle, Medina App. No. 07CA0114-M, 2008-Ohio-4155, ¶ 16. Therefore, appellant's second assignment of error is sustained.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ALLOWED THE STATE TO PRESENT TESTIMONY THAT WAS IN VIOLATION OF THE RULES OF EVIDENCE."
 {¶ 21} In his third assignment of error, appellant argues that the trial court erred by admitting a portion of Officer Holbrook's testimony due to its speculative nature. We agree.
 {¶ 22} A trial court's decision to admit or exclude evidence will not be reversed by a reviewing court absent an abuse of discretion.State v. Craft, Butler App. No. CA2006-06-145, 2007-Ohio-4116, ¶ 48. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.
 {¶ 23} Pursuant to Evid. R. 701, a lay witness may testify in the form of opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or determination of a fact in issue. If the opinion is not "rationally based on the perception of the witness, then the opinion is speculation, and as such, cannot be "helpful to a * * * determination of a fact in issue." State v. Hall, Montgomery App. No. 19671,2004-Ohio-663, ¶ 8; Evid. R. 701.
 {¶ 24} In this case, Officer Holbrook's testified that the marijuana hidden under the *Page 7 
passenger seat was purchased for appellant's own personal use. However, based on our review of the record, we find that Officer Holbrook's testimony was not "rationally based on [his] perception," and therefore, was purely speculative. As a result, because his testimony did not meet the requirements of Evid. R. 701, we find that the trial court erred by admitting Officer Holbrook's testimony that the marijuana was purchased for appellant's own personal use. Therefore, appellant's third assignment of error is sustained.
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ISSUING THE ACCOMPLICE JURY INSTRUCTION."
 {¶ 27} In his fourth assignment of error, appellant argues that the trial court erred by instructing the jury pursuant to R.C. 2923.03(D) because such an instruction is only proper when the alleged accomplice witness is testifying against the defendant. We agree.
 {¶ 28} RC. 2923.03(D) provides:
 {¶ 29} "If an alleged accomplice of the defendant testifiesagainst the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 30} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 31} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth." (Emphasis added.)
 {¶ 32} Based on the clear meaning of the statute, R.C. 2923.03(D) only "contemplate[s] *Page 8 
circumstances where the alleged accomplice arranges to, and subsequently does, testify on behalf of the state against the defendant." (Emphasis added.) State v. Lancaster (Jan. 10, 1990), Summit App. No. 14212,1990 WL 1774, at *5.
 {¶ 33} In this case, Wells, the driver of the vehicle and appellant's alleged accomplice, did not testify against appellant. Instead, Wells, after being called as a witness by appellant, testified that the he purchased the marijuana hidden underneath the passenger seat, that the marijuana belonged to him, that appellant did not pay for it or expect to use any of it, and that appellant did not even know the marijuana was in the vehicle until after Officer Weithofer pulled the vehicle over. As a result, it is clear that Wells was not testifying against appellant as is required under R.C. 2923.03(D), but instead testifying on behalfof appellant. Therefore, because the jury instruction provided for in R.C. 2923.03(D) may be provided only if "an alleged accomplice of the defendant testifies against the defendant," the trial court erred in providing such an instruction to the jury in this case.[3] (Emphasis added.) Accordingly, appellant's fourth assignment of error is sustained.
 {¶ 34} Assignment of Error No. 5:
 {¶ 35} "THE TRIAL COURT ERRED BY ALLOWING THE STATE TO COMMENT ON THE APPELLANT'S FAILURE TO TESTIFY."
 {¶ 36} In his fifth assignment of error, appellant argues that the trial court erred by allowing the state to comment on appellant's failure to testify in violation of his Fifth Amendment rights. We agree. *Page 9 
 {¶ 37} Parties are accorded great latitude during closing arguments.State v. Adkins (2001), 144 Ohio App.3d 633, 642, citing State v.Maurer (1984), 15 Ohio St.3d 239, 269. However, a prosecutor's comments regarding a defendant's refusal to testify violates his Fifth Amendment right to remain silent. Id. citing, Griffin v. California (1965),380 U.S. 609, 85 S.Ct. 1229; State v. Thompson (1987), 33 Ohio St.3d 1, 14. As a result, such comments are looked upon with extreme disfavor because they raise an inference of guilt and penalize a defendant for choosing to exercise a constitutional right. Id., citing State v. Rogers (1987),32 Ohio St.3d 70.
 {¶ 38} In this case, the prosecutor made several comments during closing argument, which appellant now complains violated hisFifth Amendment right to remain silent.
 {¶ 39} Initially, the prosecutor stated:
 {¶ 40} "Do we hear anything about protesting of — oh, that's not my marijuana, that's his, he just told me about it. * * * We didn't hear any of that. We didn't hear anything like that."
 {¶ 41} It is well settled that the prosecution may comment upon the evidence and upon the failure of the defense to offer evidence in support of its case. State v. Clemons, 82 Ohio St.3d 438, 452,1998-Ohio-406. However, although admittedly a close call, this statement appears to be fair comment based on the evidence and within the latitude accorded the prosecution during closing argument. See, e.g.,Adkins at 642. Therefore, we find that this comment does not violate appellant's Fifth Amendment rights.
 {¶ 42} Next, the prosecutor stated:
 {¶ 43} "So, what is this case about? It's about owning up to responsibility. Owning up to what you did. We heard the testimony of [Wells] who owned up to what he did. He owned up to possessing the marijuana in this case."
 {¶ 44} Further, during rebuttal, the prosecutor stated: *Page 10 
 {¶ 45} "Ladies and gentlemen, all we have is testimony here. We don't have the guesses of what the defendant's response is * * * You don't have the luxury of having [that] to be able to guess at that."
 {¶ 46} Here, unlike the prosecutor's first comment discussed above, these statements are not simply commenting on the evidence presented, or upon the failure of the defense to offer evidence in support of its case. Instead, the prosecutor is commenting on appellant's failure to testify and appellant's refusal to, according to the state, "own up to what he did," like Wells, his alleged accomplice, who had previously pled guilty. Accordingly, we find that appellant's Fifth Amendment right to remain silent was violated when the prosecutor commented on appellant's refusal to testify. Therefore, appellant's fifth assignment of error is sustained.
 {¶ 47} Assignment of Error No. 6:
 {¶ 48} "THE APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 49} Assignment of Error No. 7:
 {¶ 50} "THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT APPELLANT'S CONVICTION."
 {¶ 51} In appellant's sixth and seventh assignments of error, he argues that his conviction was not supported by the sufficiency of the evidence, or by the manifest weight of the evidence. In light of our holding on appellant's second, third, fourth, and fifth assignments of error, appellant's sixth and seventh assignments of error are moot. App. R. 12(A)(1)(c).
 {¶ 52} Accordingly, based on the foregoing, we find that the trial court did not err in denying appellant's motion to suppress. However, we find that the trial court did err by permitting the state to use appellant's pre-arrest, pre-Miranda silence as substantive evidence, by admitting evidence from Officer Holbrook that amounts to pure speculation, by *Page 11 
instructing the jury in accordance with R.C. 2923.03(D), and by permitting the prosecutor, during closing argument, to comment on appellant's refusal to testify. Therefore, we reverse the decision of the trial court and remand the case for further proceedings in accordance with this opinion.
 {¶ 53} Judgment affirmed in part, reversed in part and remanded.
WALSH, P.J., and BRESSLER, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] Appellant claims that the "only reasons provided by the [s]tate for removal from the vehicle where (sic.) that the [a]ppellant and Wells appeared nervous." However, as Officer Weithofer and Officer Holbrook testified in their deposition, Wells and appellant were removed from the vehicle for their own safety and based on necessary standard police procedure to conduct a canine sniff.
[3] The trial court instructed the jury, in pertinent part, as follows:
"The testimony of a person who you find to be an accomplice, should be viewed with grave suspicion and weighed with great caution. The testimony of an accomplice, that is supported by other evidence, does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness, may affect his credibility and may make his testimony subject to grave suspicion and require that it be weighed with great caution. It is for you, as jurors, in the light of all of the facts presented to you and from the witness stand, to evaluate such testimony to determine its quality and worth or its lack of quality and worth." *Page 1