{¶ 40} I write separately as I believe that based upon the very unique set of facts in this case the majority opinion arrives at the correct conclusion, but its characterization of this stop as an "investigatory stop" is incorrect.
 {¶ 41} There are two varieties of traffic stops, with a different constitutional analysis applying to each. The first variety of a traffic stop is an investigatory stop, which is a motorized equivalent of a "Terry" stop. State v. Downs, 6th Dist. No. WD-03-030, 2004-Ohio-3003, ¶ 12. See Terry v. Ohio (1968), 392 U.S. 1, 21. The investigative stop exception to the Fourth Amendment warrant requirement allows an officer to stop a motorist when he or she has a reasonable suspicion based upon specific, articulable facts that criminal activity has been or is occurring. Id.
 {¶ 42} The second kind of a traffic stop occurs when a police officer witnesses a violation of the traffic code and stops the motorist to issue a citation, a warning, or to effect an arrest. Downs at ¶ 11. When a stop is predicated on a traffic offense, as in the instant case, the applicable standard is whether an officer has probable cause to believe a traffic offense has occurred or was occurring. Id.
 {¶ 43} The Supreme Court of Ohio held in City of Dayton v.Erickson (1996), 76 Ohio St.3d 3, "[w]here a police officer stops a vehicle based on probable cause that a *Page 13 
traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. at syllabus, citing United States v.Ferguson (C.A. 6, 1993), 8 F.3d. 385, 391. See, also, Whren v.United States (1996), 517 U.S. 806, 810 (a police officer may stop the driver of a vehicle after observing a violation of traffic laws); Bowling Greenv. Godwin (2006), 110 Ohio St.3d 58.
 {¶ 44} "`It is well established that an officer may stop a motorist upon his or her observation that the vehicle in question violated a traffic law.' State v. Boczar, 11th Dist. No. 2004-A-0063,2005-Ohio-6910, ¶ 11, citing Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12. Moreover, this court has repeatedly held that when a police officer witnesses a minor traffic violation, he or she is warranted in making a stop to issue a citation. Village of Waite Hill v.Popovich, 11th Dist. No. 2001-L-227, 2003-Ohio-1587, ¶ 14." State v.Brooks, 11th Dist. No. 2005-L-200, 2007-Ohio-344, ¶ 32. See, also,State v. Carleton, (Dec. 18, 1998), 11th Dist. No. 97-G-2112, 1998 Ohio App. LEXIS 6163, 10 ("[W]hen a police officer witnesses a motorist in transit commit a traffic violation, the officer has probable cause to stop the vehicle for the purpose of issuing a citation."); and State v.Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361, 7 ("[T]his court has repeatedly held that a minor violation of a traffic regulation, * * *, that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation.").
 {¶ 45} While I cannot subscribe to the majority's conclusion that displaying an expired metal plate on the front of a vehicle and a valid thirty day tag on the rear is clearly a violation of the R.C. 4503.21, I cannot fault the officer for pulling Ms. *Page 14 
Schmucker over when he observed this "overplated" vehicle. I also can find no fault in the officer's stated subjective reasoning for the stop, that is, the situation of two different plates "bears investigation."
 {¶ 46} As the majority correctly notes, even if the officer is ultimately wrong about his interpretation of the statute, the evidence in this record demonstrates that he reasonably believed that there was a violation of the law, and thus, the officer was warranted in making the initial stop. Once the vehicle is lawfully stopped, the Supreme Court of Ohio has held that the officer may request the driver to display her driver's license for the purpose of issuing a citation. State v.Evans (1993), 67 Ohio St. 3d 405, 409. At this point in this stop Ms. Schmucker's fate was sealed.