{¶ 36} I write separately as I believe that based upon the very unique set of facts in this case the majority opinion arrives at the correct conclusion, but its characterization of this stop as an "investigatory stop" is incorrect.
 {¶ 37} There are two varieties of traffic stops, with a different constitutional analysis applying to each. The first variety of a traffic stop is an investigatory stop, which is a motorized equivalent of a "Terry" stop. State v. Downs, 6th Dist. No. WD-03-030, 2004-Ohio-3003, ¶ 12. See Terry v. Ohio (1968), 392 U.S. 1, 21. The investigative stop exception to the Fourth Amendment warrant requirement allows an *Page 12 
officer to stop a motorist when he or she has a reasonable suspicion based upon specific, articulable facts that criminal activity has been or is occurring. Id.
 {¶ 38} The second kind of a traffic stop occurs when a police officer witnesses a violation of the traffic code and stops the motorist to issue a citation, a warning, or to effect an arrest. Downs at ¶ 11. When a stop is predicated on a traffic offense, as in the instant case, the applicable standard is whether an officer has probable cause to believe a traffic offense has occurred or was occurring. Id.
 {¶ 39} The Supreme Court of Ohio held in City of Dayton v.Erickson (1996), 76 Ohio St.3d 3, "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. at syllabus, citingUnited States v. Ferguson (C.A. 6, 1993), 8 F.3d. 385, 391. See, also,Whren v. United States (1996), 517 U.S. 806, 810 (a police officer may stop the driver of a vehicle after observing a violation of traffic laws); Bowling Green v. Godwin (2006), 110 Ohio St.3d 58.
 {¶ 40} "`It is well established that an officer may stop a motorist upon his or her observation that the vehicle in question violated a traffic law.' State v. Boczar, 11th Dist. No. 2004-A-0063,2005-Ohio-6910, ¶ 11, citing Dayton v. Erickson (1996), 76 Ohio St.3d 3,11-12. Moreover, this court has repeatedly held that when a police officer witnesses a minor traffic violation, he or she is warranted in making a stop to issue a citation. Village of Waite Hill v.Popovich, 11th Dist. No. 2001-L-227, 2003-Ohio-1587, ¶ 14." State v.Brooks, 11th Dist. No. 2005-L-200, 2007-Ohio-344, ¶ 32. See, also,State v. *Page 13 Carleton, (Dec. 18, 1998), 11th Dist. No. 97-G-2112, 1998 Ohio App. LEXIS 6163, 10 ("[W]hen a police officer witnesses a motorist in transit commit a traffic violation, the officer has probable cause to stop the vehicle for the purpose of issuing a citation."); and State v.Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361, 7 ("[T]his court has repeatedly held that a minor violation of a traffic regulation, * * *, that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation.").
 {¶ 41} While I cannot subscribe to the majority's conclusion that displaying an expired metal plate on the front of a vehicle and a valid thirty day tag on the rear is clearly a violation of the R.C. 4503.21, I cannot fault the officer for pulling Ms. Schmucker over when he observed this "overplated" vehicle. I also can find no fault in the officer's state subjective reasoning for the stop, that is, when faced with two different plates he "believed that [he] needed to find out what belonged where. If the plates belonged on the car at all * * *". As the majority correctly notes, even if the officer is ultimately wrong about his interpretation of the statute, the evidence in this record demonstrates that he reasonably believed that there was a violation of the law, and thus, the officer was warranted in making the initial stop. Once the vehicle is lawfully stopped, the Supreme Court of Ohio has held that the officer may request the driver to display her driver's license for the purpose of issuing a citation. State v. Evans (1993),67 Ohio St. 3d 405, 409. At this point in this stop Ms. Schmucker's fate was sealed. *Page 14 
COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.
 {¶ 42} I would affirm the ruling of the trial court, hence, I am dissenting from the majority of the opinion.
 {¶ 43} The issue concerns the officer's intent in stopping Ms. Schmucker's vehicle. The trial court found that the officer's version of the events was not credible or supported by evidentiary materials, otherwise the trial court would not have granted the motion to suppress. We defer to the trial court's finding on a motion to suppress in regard to our ruling. State v. Emerick, 11th Dist. No. 2000-A-0064, 2001 Ohio App. LEXIS 3173.
 {¶ 44} There clearly was no specific violation of R.C. 4503.21. Ms. Schmucker's temporary tag was properly displayed. There is no prohibition against leaving the front permanent plate on the vehicle and, in fact, this would be a logical practice. The Bureau of Motor Vehicle's policy, being to re-use existing plates and renew them with plastic tags to be adhered to those plates, it is not reasonable to carve out an exception to allow an otherwise unconstitutional, unreasonable, search for this purpose.
 {¶ 45} Furthermore, these facts do not justify a good faith exception to the requirements of the Fourth Amendment as police are charged with knowing and enforcing the laws. It is clear there was no apparent violation of the statute. The officer acted in error and clearly misunderstood the statute. That was evident from the testimony in the record. The officer's misapplication of a statute he was enforcing does not create a good faith exception to a citizen's right to be free of illegal searches and seizures.
 {¶ 46} Thus, I would affirm the judgment of the trial court. *Page 1