OPINION
{¶ 1} This is an appeal from the judgment of the Auglaize County Court of Common Pleas which found defendant-appellant, Wayne L. Storer ("Storer"), guilty of Possession of Drugs and sentenced him to ten months in prison.
 {¶ 2} On June 26, 2003, Storer was indicted on one count of Possession of Drugs pursuant to R.C. 2925.11(A), (C)(6)(a), a felony of the fifth degree. The drugs were found during a search which occurred when Storer was arrested for Disorderly Conduct, a minor misdemeanor.[1] Storer pled not guilty to the Possession of Drugs charge and later filed a motion to suppress claiming that, pursuant to R.C. 2935.26, it was unlawful to arrest him for a minor misdemeanor and therefore unlawful to search him incident to that arrest. A hearing was held on the motion, wherein several witnesses testified.
 {¶ 3} Storer's father-figure, Lewis Meeker, testified that on the evening of May 26, 2003, Storer and a friend were at his home and appeared "all messed up" from drugs. He further testified that after the two men left his home, he called the St. Mary's Police Department regarding their condition out of concern for their safety.
 {¶ 4} Officer Sutton testified that he responded to the call and at approximately 2:18 a.m., he observed Storer and his friend, later identified as Chad Reiher (Reiher) walking down State Route 703. He further testified that Reiher was in the middle of the road stumbling and appearing intoxicated, and Storer was on the grass lawn stumbling back and forth appearing intoxicated. Officer Sutton also testified that their appearance drew his attention because it was Memorial Day weekend and there was increased traffic on State Route 703. Officer Sutton testified that upon speaking to the two men, he noticed that their speech was slurred, they were having trouble keeping their eyelids open, their eyes were bloodshot and glassy and they both seemed nervous. The two men told Officer Sutton that they were going home which was "out by the lake." The lake was a good distance from where Officer Sutton stopped the men and they would have had to walk farther on State Route 703 and then walk on State Route 364.
 {¶ 5} Officer Sutton further testified that upon making contact with the two men he was thinking the following,
Well at that point, * * * these guys, they're having problemsstanding up. They're unstable on their feet. I was concerned formy safety and their safety. These guys can't be walking down thestreet. There was no way I was going to let them go to walk on,continue walking. In my mind it was * * * disorderly conduct byways of intoxication where * * * they were posing a risk ofphysical harm to themselves and other person's property. Theyweren't, — they were not in control of themselves mentally orphysically. They were both very intoxicated.
 {¶ 6} At this point, Officer Sutton testified that the two men were placed under arrest for disorderly conduct and were not free to leave. Officer Sutton further testified that he was concerned for his safety since Storer had prior convictions for violent offenses, Reiher kept putting his hand in his pocket and Storer had a bulge on the side of his pocket. Consequently, Officer Sutton patted Reiher and Storer down. The bulge in Storer's pocket was a twenty ounce Mountain Dew and Sutton also felt a cellophane wrapper in Storer's front pocket which contained suspected narcotics.
 {¶ 7} After hearing the evidence, the trial court denied Storer's Motion to Suppress stating that once Officer Sutton determined that he was going to arrest Storer for disorderly conduct because of the danger he posed to himself, he was free to perform a search incident to arrest. Storer then changed his plea to no contest and was sentenced to eleven months in prison. Storer now appeals, asserting two assignments of error.
 First Assignment of Error The trial court committed prejudicial error when it failed tosuppress the drugs found on the Defendant-appellant's person atthe time of his arrest.
 {¶ 8} At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v.Mills (1992), 62 Ohio St.3d 357, 366.
 {¶ 9} On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met. Id.
 {¶ 10} R.C. 2935.26, which governs arrests for minor misdemeanors in Ohio, provides in relevant part:
(A) Notwithstanding any other provision of the Revised Code,when a law enforcement officer is otherwise authorized to arresta person for the commission of a minor misdemeanor, the officershall not arrest the person, but shall issue a citation, unlessone of the following applies:
 "(1) The offender requires medical care or is unable toprovide for his own safety. * * *
 {¶ 11} Furthermore, "[a]bsent one or more of the exceptions specified in R.C. 2935.26, a full custodial arrest for a minor misdemeanor offense violates * * * Section 14, Article I of the Ohio Constitution, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule." State v. Jones (2000), 88 Ohio St.3d 430, syllabus.[2] Moreover, the state has the burden of proving that one of the exceptions in R.C. 2935.26 was applicable at the time the arrest was made. State v. Satterwhite (1997),123 Ohio App.3d 322, 324.
 {¶ 12} After reviewing the record as described above, we conclude that the trial court's decision is supported by competent, credible evidence. The determination of whether or not Storer was able to provide for his own safety turns on the credibility of the witnesses who testified at the suppression hearing. In this case, the trial court, as the trier of fact, weighed the testimony and believed Officer Sutton's testimony, which was sufficient to demonstrate that Storer was unable to provide for his own safety. Consequently, we cannot find that the trial court erred in finding that Officer Sutton made a lawful arrest pursuant to R.C. 2935.26(A)(1). As we have determined that Officer Sutton initiated a lawful arrest, he was entitled to search Storer incident to that arrest.[3] See UnitedStates v. Robinson (1973), 414 U.S. 218, 235. Accordingly, Storer's first assignment of error is overruled.
 Second Assignment of Error The trial court committed prejudicial error when it failed toproperly follow the sentencing criteria set forth in Ohio RevisedCode, Section 2929.14 resulting in the Defendant-appellantreceiving a sentence which is contrary to law.
 {¶ 13} In this assignment of error, Storer argues that he should not have been given the maximum sentence. However, Storer was sentenced to eleven months in prison while the maximum sentence for a fifth degree felony is twelve months in prison. See R.C. 2929.14(A)(5). As Storer was not sentenced to the maximum sentence, his second assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Cupp and Bryant, JJ., concur.
[1] Storer was never formally charged with disorderly conduct.
[2] This Court's holding in Jones was recently reaffirmed inState v. Brown, 99 Ohio St.3d 323, 2003-Ohio-3931. Storer argues that the Brown case dictates that he could not be arrested for disorderly conduct. However, in Brown the Court found that police could not arrest a defendant for jaywalking under R.C. 2953.26 when none of the factors were present which is not the case here.
[3] While Storer also argues that Officer Sutton could not have searched him incident to arrest since he was never formally charged with Disorderly Conduct, Storer has not provided this Court with any authority for this proposition.