OPINION
{¶ 1} Defendant, Benny Harper, appeals from his conviction and sentence for possession of crack cocaine.
 {¶ 2} Defendant was indicted for possessing crack cocaine in an amount equal to or exceeding twenty-five grams but less than one hundred grams. R.C. 2925.11(A). Defendant filed a motion to suppress the evidence, claiming that police lacked the necessary objective justification to stop him and search his person.
 {¶ 3} Following a hearing, the trial court concluded that the initial encounter between Defendant and police was consensual in nature and no seizure had occurred. The court further held that during that encounter police developed probable cause to arrest Defendant for public intoxication and/or criminal trespass, and that even though public intoxication is a minor misdemeanor for which a citation ordinarily will issue, police could lawfully arrest Defendant for that offense because the exception in R.C.2935.26(A)(1) applies: Defendant was unable to provide for his own safety. Therefore, the search of Defendant's person incident to his lawful arrest was valid, and the trial court overruled Defendant's motion to suppress on that finding.
 {¶ 4} Defendant subsequently entered a plea of no contest to the charge and was found guilty. The trial court sentenced Defendant to a mandatory term of three years in prison.
 {¶ 5} Defendant has timely appealed to this court. He challenges only the trial court's order overruling of his motion to suppress.
 {¶ 6} ASSIGNMENT OF ERROR
 {¶ 7} "The trial court erred in denying defendant-appellant's motion to suppress."
 {¶ 8} When considering a motion to suppress, the trial court assumes the role of the trier of facts and, as such, is in the best position to resolve conflicts in the evidence and determine the credibility of the witnesses and the weight to be given to their testimony. State v. Retherford (1994),93 Ohio App.3d 586. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. Id. Accepting those facts as true, the appellate court must then independently determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. Id.
 {¶ 9} The trial court adopted the testimony of Officer Spires at the suppression hearing concerning the facts in this case. That evidence demonstrates that on April 13, 2003, at 4:00 a.m., Dayton police officer Jeffrey Spires and his partner, Gary Huber, were dispatched to a residence at 166 Brooklyn Avenue. The residents at that location had called police about a white four door vehicle that was parked in their driveway with an unknown male passed out behind the wheel.
 {¶ 10} Upon arrival, Officer Spires approached the white vehicle and observed a man, later identified as Defendant, passed out behind the wheel. Officer Spires tapped on the window but received no response. He then knocked on the window, whereupon Defendant woke up and opened the car door.
 {¶ 11} Officer Spires asked Defendant what he was doing. Defendant's response was incoherent. Defendant had an odor of alcohol about his person, his eyes were bloodshot, his speech was slurred, and he stumbled around inside the vehicle when making movements. Based upon his experience, Officer Spires found this consistent with a person who is under the influence of alcohol.
 {¶ 12} Officer Spires asked Defendant if he had been at the after hours "boot joint," an illegal drinking establishment, just across the field at 56 Shoop Avenue. Defendant replied yes, he had been there all night. Officer Spires told Defendant to exit the vehicle, which he did. Officer Spires then asked Defendant if he lived there at 166 Brooklyn Avenue. Defendant responded no. Believing that Defendant could not safely care for himself in his condition, Officer Spires placed Defendant under arrest for public intoxication. When Officer Spires began to search Defendant's person incident to his arrest, Defendant fled and a foot chase ensued.
 {¶ 13} After Defendant was captured, Officer Huber patted him down and discovered crack cocaine in Defendant's pocket. Officer Spires observed this. A further search of Defendant's person after he was transported to jail produced additional quantities of crack cocaine.
 {¶ 14} Defendant's sole argument on appeal is that his custodial arrest for the minor misdemeanor offense of public intoxication violates not only R.C 2935.26, but also his constitutional rights under the Fourth Amendment and Article I, Section 14 of the Ohio Constitution; accordingly evidence obtained incident to such an illegal arrest is subject to suppression in accordance with the exclusionary rule. See: Statev. Brown, 99 Ohio St.3d 323, 2003-Ohio-3931.
 {¶ 15} R.C. 2935.26(A), which governs minor misdemeanors, provides:
 {¶ 16} "Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:
 {¶ 17} "(1) The offender requires medical care or is unable to provide for his own safety.
 {¶ 18} "(2) The offender cannot or will not offer satisfactory evidence of his identity.
 {¶ 19} "(3) The offender refuses to sign the citation.
 {¶ 20} "(4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following:
 {¶ 21} "(a) Appear at the time and place stated in the citation;
 {¶ 22} "(b) Comply with division (C) of this section.
 {¶ 23} The State argues, and the trial court found, that Defendant's arrest for a minor misdemeanor was lawful because one of the stated exceptions to the "citation only" rule in R.C.2935.26(A) applies: Defendant was unable to provide for his own safety due to his intoxicated state. R.C. 2935.26(A)(1). Defendant claims that there is insufficient evidence to demonstrate that he was unable to provide for his own safety. In that regard Defendant points out that he offered satisfactory proof of his identity, that he was not injured or otherwise in need of medical care, that he cooperated with Officer Spires' instructions, and he was able to answer Officer Spires' questions about where he had been and whether he lived at 166 Brooklyn Avenue.
 {¶ 24} On the other hand, Officer Spires' testimony is clearly sufficient to establish probable cause to arrest Defendant for public intoxication. Defendant had passed out behind the wheel of his vehicle, which was parked in the driveway of a residence occupied by persons Defendant didn't even know. After Officer Spires woke Defendant, he observed that Defendant smelled of alcohol, his eyes were bloodshot, his speech was slurred, some of his answers were incoherent, and Defendant was stumbling around inside the vehicle when making movements. Defendant admitted to Officer Spires that he had been at the nearby afterhours "book joint" all night.
 {¶ 25} Based upon this evidence, Officer Spires could reasonably conclude, as he did, that Defendant posed a danger to himself and others because, if cited, he could not safely drive his vehicle or walk away in his intoxicated condition. Accordingly, Defendant's custodial arrest for the minor misdemeanor offense of public intoxication was lawful pursuant to the exception in R.C. 2935.26(A)(1). Having been lawfully arrested, a search of Defendant's person incident to his arrest was constitutionally permissible. Chimel v. California (1969),395 U.S. 752, 89 S.Ct. 2034. The trial court properly overruled Defendant's motion to suppress the evidence.
 {¶ 26} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.