OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio (Village of Kirtland Hills) appeals the judgment of the Willoughby Municipal Court granting defendant-appellee, Lorraine Gibson-Sweeney's motion to suppress. For the foregoing reasons, we reverse and remand the decision of the lower court.
 {¶ 2} Undisputed testimony at the hearing on Gibson-Sweeney's motion to suppress reveals the following. At approximately 2:49 a.m., on February 12, 2005, Officer Jeffrey Bilicic of the Village of Kirtland Hills Police Department, was in his police cruiser in the right-hand "breakdown lane" on Interstate 90 East in Kirtland Hills, Ohio, having just completed a traffic stop of another vehicle. At the time, the headlights and the red interior dome light of Officer Bilicic's vehicle were on, and his overhead lights were off. There were no lights on that portion of the highway. While entering information into his police log, Officer Bilicic observed a vehicle, driven by appellee, approach from behind in his rear-view mirror. After Gibson-Sweeney's vehicle had passed his police cruiser by approximately 100 feet, Officer Bilicic looked up and saw appellee's vehicle drift over the right hand edge line, by a distance of about two to three inches from the inside edge of the tires, and continued so traveling for a distance of approximately 600 feet, before crossing back into the lane of travel.
 {¶ 3} Upon observing this, Officer Bilicic re-entered the roadway and followed Gibson-Sweeney's vehicle. Officer Bilicic testified that Gibson-Sweeney's vehicle was "some distance ahead of him" before he re-entered the roadway, and that her vehicle had subsequently re-entered the lane of travel without any further incident. Officer Bilicic further testified that he was in the process of running the license plate number on Gibson-Sweeney's vehicle, when she pulled into a rest stop less than a mile up the road. Officer Bilicic eventually caught up to Gibson-Sweeney's vehicle at the same time she was leaving the roadway to enter the rest stop. Officer Bilicic stated that he then followed her into the rest stop, for the purpose of issuing a citation for a marked lane violation. When asked why he waited for appellee to enter one of the parking spots before activating his overhead lights and approaching appellee's vehicle, Officer Bilicic testified that it would not have been safe to pull her over because of the number of trucks on the side of the road in the rest area.
 {¶ 4} Officer Bilicic then approached appellee's vehicle and informed her of the reason for the stop, at which time Gibson-Sweeney informed him that the reason she had crossed over the line was because she was "paying attention to me at the side of the road." As Bilicic was talking to Gibson-Sweeney, he detected a "strong odor" of alcohol and "observed her eyes to be bloodshot and glassy." When Officer Bilicic asked Gibson-Sweeney how much she had to drink, she responded that she had three beers that night.
 {¶ 5} Officer Bilicic then asked Gibson-Sweeney to step out of the vehicle, for the purpose of conducting standardized field sobriety tests. Based on the foregoing observations, and Gibson-Sweeney's performance on the field sobriety tests, she was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and cited for driving outside the marked lanes of travel, in violation of Village of Kirtland Hills Codified Ordinance 331.08(A).
 {¶ 6} On April 14, 2005, Gibson-Sweeney filed a motion to suppress. A hearing was held on appellee's motion on May 11, 2005. In its judgment entry, the court stated that "[b]ased upon the totality of the circumstances, and the credibility of the testimony, the Court finds Officer Bilicic did not have probable cause to stop Defendant's vehicle."
 {¶ 7} On June 3, 2005, the court granted Gibson-Sweeney's motion to suppress. The State timely appeals, asserting a single assignment of error:
 {¶ 8} "The trial court erred to the prejudice of the State and Village in granting the motion to suppress filed by the defendant-appellee."
 {¶ 9} Our analysis of the case sub judice begins by a discussion of the appropriate standard of review.
 {¶ 10} Appellate review of the grant or denial of a motion to suppress presents a mixed question of law and fact. State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. In ruling on a motion to suppress, the trial court functions as the trier of the facts, since it is in the best position to weigh the evidence, resolve factual questions, and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. As a result, an appellate court is obligated to accept the trial court's findings of fact if they are supported by some competent, credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. Thus, accepting such factual findings as true, we independently determine as a matter of law, without deference to the trial court's conclusions, whether the applicable legal standard has been met. Id.; State v. Searls (1997),118 Ohio App.3d 739, 741.
 {¶ 11} The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." The Fourth Amendment is enforced against the States by virtue of the due process clause of theFourteenth Amendment of the United States Constitution. Mapp v.Ohio (1961), 367 U.S. 643, 655. The stop of a vehicle and the detention of its occupants by law enforcement, for whatever purpose and however brief the detention may be, constitutes a seizure for Fourth Amendment purposes. Delaware v. Prouse
(1979), 440 U.S. 648, 653, citing United States v.Martinez-Fuerte (1976), 428 U.S. 543, 556-558.
 {¶ 12} Kirtland Hills Codified Ordinance No. 331.08(A), which mirrors R.C. 4511.33 provides:
 {¶ 13} "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever traffic is lawfully moving in two or more substantially continuous lines in the same direction, * * * a vehicle shall be driven, as nearly as is practicable, entirely within a single line or lane of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 14} The State maintains that Officer Bilicic's observation of appellee's marked lane violation provided probable cause to believe a traffic offense was committed and, accordingly, the initial stop of Gibson-Sweeney's vehicle was constitutional. Appellee counters, and the trial court agreed, that an investigatory stop, based upon a de minimis marked lane violation, without some additional evidence suggesting impairment, was in violation of her Fourth Amendment rights. On the facts, as found by the trial court, we agree with the State's position.
 {¶ 15} The Supreme Court of Ohio has held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment * * * even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, at syllabus, citing United States v. Ferguson (C.A. 6, 1993),8 F.3d 385, 391. The focus on the particular inquiry necessarily turns on what the officer knew at the time he made the stop, and not what occurred after the stop. Id. at 10.
 {¶ 16} This court has repeatedly followed the rule ofErickson in situations where the officer has personally observed any violation of a traffic law or ordinance. See Statev. Teter (Oct. 6, 2000), 11th Dist. No. 99-A-0073, 2000 Ohio App. LEXIS 4656, at *11 (marked lane violation under R.C.4511.33); State v. Yemma (Aug. 9, 1996), 95-P-0156, 1996 Ohio App. LEXIS 3361, at *8-*9 (changing lanes without a proper signal, in violation of R.C. 4511.39); State v. Stamper (1995),102 Ohio App.3d 431, 438-439 (driving left of center in violation of R.C. 4511.25) (citation omitted); State v. Brownlie (Mar. 31, 2000), 11th Dist. Nos. 99-P-0005 and 99-P-0006, 2000 Ohio App. LEXIS 1450, at *7-*8 (failure to dim high beams when facing approaching traffic, in violation of R.C. 4513.15).
 {¶ 17} In the case sub judice, the trial court found on the basis of the testimony at the hearing, and neither party disputes, that appellee crossed the outside edge line of the highway after passing the spot where Officer Bilicic was sitting in his vehicle, which is a prima facie violation of R.C.4511.33 or Kirtland Hills Codified Ordinance No. 331.08(A). A review of the judgment entry granting appellee's motion to suppress reveals that the sole issue on which the motion was granted was whether the initial stop was supported by probable cause. Since Officer Bilicic had probable cause to initiate the stop of Gibson-Sweeney's vehicle solely on the basis of her marked lane violation, we hold that the trial court's grant of appellee's motion to suppress was error as a matter of law.
 {¶ 18} Accordingly, we reverse the judgment of the Willoughby Municipal Court and remand for proceedings consistent with this opinion.
Ford, P.J., concurs,
O'Toole, J., dissents with a Dissenting Opinion.