OPINION
{¶ 1} Roseann Wilson ("Ms. Wilson"), appeals from the Ashtabula County Court of Common Pleas' denial of her motion to suppress and from her subsequent conviction and sentence for possession of cocaine. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On July 1, 2006, Ashtabula County Deputy Sheriff G.T. Cleveland ("Deputy Cleveland") was on duty when he observed a vehicle parked on the side of the *Page 2 
road. Deputy Cleveland noticed that the driver's side door was open and that the driver, later identified as Ms. Wilson, was sitting with her legs outside the vehicle with her head clasped in her hands. Deputy Cleveland stopped his cruiser, walked up to Ms. Wilson and asked her what was wrong. Ms. Wilson stood up quickly and began yelling and swearing at the deputy telling him to get back in his "f ing car." Deputy Cleveland detected a strong odor of alcohol on Ms. Wilson, observed that her eyes were glassy and that she had slurred speech and an unsteady gait. Deputy Cleveland also noticed there was an open bottle of tequila on the passenger's seat of the vehicle.
 {¶ 4} Deputy Cleveland arrested Ms. Wilson, handcuffed her and placed her in the cruiser. He then searched the vehicle and discovered inside Ms. Wilson's purse some marijuana residue and a pill that was tested and found to be Darvocet, a schedule IV controlled substance. Deputy Cleveland also found inside another bag two crack pipes and a substance that was found to be crack cocaine.
 {¶ 5} Ms. Wilson was arrested for possession of cocaine, resisting arrest, possession of drug paraphernalia, and for having an open container in a motor vehicle. Ms. Wilson was cited for an open container in a motor vehicle, in violation of R.C. 4301.62(B)(5), a minor misdemeanor and consuming alcohol in a motor vehicle, in violation of R.C. 4301.64, a fourth degree misdemeanor. She was ultimately indicted for possession of cocaine, in violation of R.C. 2925.11(A)(C)(4), a felony of the fifth degree.
 {¶ 6} Ms. Wilson filed a motion to suppress arguing that the evidence seized (the cocaine) was the result of an unlawful search and seizure. A hearing was held. The sole witness to testify was Deputy Cleveland. In addition to testifying to the above facts, he said that he decided to arrest Ms. Wilson because she was intoxicated, was *Page 3 
yelling and swearing at him and because there was an open container in the car and he believed she had been consuming alcohol.
 {¶ 7} The trial court denied Ms. Wilson's motion to suppress. The court found that Deputy Cleveland had probable cause to believe that Ms. Wilson was committing a minor misdemeanor, open container in a motor vehicle, and that she was unable to provide for her own safety, and further that there was probable cause to believe that Ms. Wilson was committing a fourth degree misdemeanor consumption of alcohol in a motor vehicle, which would permit a custodial arrest. Therefore, the court held that the search of the vehicle was legal.
 {¶ 8} The court sentenced Ms. Wilson to two years of community control. Ms. Wilson filed the instant appeal, raising one assignment of error: "Evidence was obtained from Ms. Wilson in violation of her constitutional rights against unreasonable search and seizure."
 {¶ 9} Standard of Review
 {¶ 10} Ms. Wilson contends that her motion to suppress should have been granted because the police lacked probable cause to arrest her. Specifically, Ms. Wilson contends that because the officer did not see her consume any alcohol, he lacked probable cause to arrest her for consuming alcohol in a motor vehicle. She also argues that since the offense of having an open container is a minor misdemeanor, the deputy had no authority to take her into custody and to search her vehicle.
 {¶ 11} "When ruling on a motion to suppress, we give `due deference to the trial court's assignment of weight and inferences drawn from the evidence.'" State v. Zaken, 11th Dist. No. 2006-A-0036, 2007-Ohio-2306, at ¶ 14, citing State v. Perl, 11th Dist. No. *Page 4 
2006-L-082, 2006-Ohio-6100, at ¶ 9, citing State v. Hummel (2003), 154 Ohio App.3d 123, 2003-Ohio-4602, at ¶ 11.
 {¶ 12} "Appellate review of a motion to suppress presents a mixed question of law and fact." Village of Kirtland Hills v. Sulc, 11th Dist. No. 2007-L-026, 2007-Ohio-4224, at ¶ 12, citing State v. Korman, 11th Dist. No. 2004-L-064, 2006-Ohio-1795, at ¶ 12, citing State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. "The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence." Id., citing Korman at ¶ 12, citing Burnside at ¶ 8, citing State v. Fanning (1982), 1 Ohio St.3d 19. "Thereafter, the appellate court must independently determine whether those factual findings meet the requisite legal standard." Id. citingBurnside at ¶ 8. We review the trial court's application of the law de novo. Zaken at ¶ 14.
 {¶ 13} Motion to Suppress
 {¶ 14} Ordinarily, an officer may not arrest an individual for violating a minor misdemeanor unless one of the exceptions listed in R.C. 2935.26(A) applies. State v. Brown, 99 Ohio St.3d 323,2003-Ohio-3931, at ¶ 25. Therefore, absent one of the listed exceptions specified in R.C. 2935.26(A), a full custodial arrest for a minor misdemeanor violates the Fourth Amendment to the United States Constitution and Ohio Constitution, Article I, Section 14, and evidence obtained incident to such an arrest is subject to suppression in accordance with the exclusionary rule. Id.
 {¶ 15} The state argues that the exception found in R.C. 2935.26(A)(1) is applicable, and therefore the custodial arrest and subsequent search and seizure were valid. R.C. 2935.26(A)(1) provides in pertinent part: "Notwithstanding any other *Page 5 
provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies: (1) The offender * * * is unable to provide for his own safety." The state argues that because Ms. Wilson was intoxicated and unruly, Deputy Cleveland was justified in placing Ms. Wilson under arrest for her own safety.
 {¶ 16} We agree. Deputy Cleveland testified that he believed he needed to arrest Ms. Wilson because she was intoxicated, was "combative and belligerent," and was causing a disturbance. As the trial court noted: "Clearly, Officer Cleveland could not permit this individual to reenter the motor vehicle in her intoxicated state, and to take possession of the motor vehicle and its contents."
 {¶ 17} Other courts, when interpreting R.C. 2935.26(A)(1) have applied this exception and have upheld the custodial arrest and subsequent search and seizure where the arresting officer believes the individual is intoxicated and unable to provide for his or her safety. For instance, in State v. Harper, 2d Dist. No. 20279, 2004-Ohio-5286, at ¶ 24-25, the court upheld the denial of the defendant's motion to suppress on the ground that the defendant was intoxicated and was therefore unable to provide for his own safety, under the exception found in R.C. 2935.26(A)(1). The court held that based upon the officer's testimony that the defendant smelled of alcohol, his eyes were bloodshot, his speech was slurred and he was stumbling, the officer could reasonably conclude that the defendant "posed a danger to himself and others, because, if cited, he could not safely drive his vehicle or walk away in his intoxicated condition. Accordingly, Defendant's custodial arrest for the minor misdemeanor offense of public intoxication *Page 6 
was lawful pursuant to the exception in R.C. 2935.26(A)(1). Having been lawfully arrested, a search of Defendant's person incident to his arrest was constitutionally permissible. Chimel v. California (1969),395 U.S. 752. The trial court properly overruled Defendant's motion to suppress the evidence." See, also, State v. Storer, 3d Dist. No. 2-03-31,2004-Ohio-1850, at ¶ 12.
 {¶ 18} We agree with this rationale and find that based on the evidence presented at the suppression hearing that there was competent, credible evidence to support the trial court's denial of Ms. Wilson's motion to suppress. The evidence established that the deputy had probable cause to arrest Ms. Wilson who appeared to be intoxicated and was unable to provide for her own safety. Since we find that Ms. Wilson was lawfully arrested, the deputy's search of her vehicle did not violate her constitutional rights.
 {¶ 19} Ms. Wilson also argues that because the deputy did not observe her consuming alcohol, there was no probable cause to arrest her for violating R.C. 4301.64, consumption of alcohol, in violation of R.C.4301.64, a misdemeanor of the fourth degree; thus, Ms. Wilson argues that absent probable cause, the deputy had no right to arrest her and to conduct a search of the vehicle. Because we have already determined there was probable cause to arrest Ms. Wilson for the minor misdemeanor offense of having an open container, and that the subsequent search and seizure was lawful, we need not address this issue. Nevertheless, we note had Ms. Wilson been charged with consumption of alcohol.[1] The fact that the deputy observed Ms. Wilson *Page 7 
in an intoxicated state with an open container next to her was sufficient evidence upon which she could have been arrested for this offense. State v. Hardesty, 4th Dist. No. 1021, 1984 WL 4269, 2.
 {¶ 20} Ms. Wilson's assignment of error is overruled.
 {¶ 21} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur.
[1] Ms. Wilson was told by the deputy that she was going to be cited for having an open container, but the state subsequently argued and the deputy testified that he intended to charge with consumption of alcohol. *Page 1