[Cite as *State v. Wilson*, 2011-Ohio-5638.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25652 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WALTER W. WILSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 12 3841 (A) |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2011

BELFANCE, Presiding Judge.

{¶1}  Walter Wilson appeals his conviction for unauthorized use of a motor vehicle. For the reasons set forth below, we affirm.

I.

{¶2}  Willie Conway owns the trucks used by All Around Trucking, an Akron-based trucking company owned by his wife, and also works as the dispatcher. Mr. Conway sent Mr. Wilson out on a delivery with Tracy West, whom Mr. Conway had just hired. The two men then drove to Georgia, Florida, back to Georgia, and then to Virginia. While in Virginia, they contacted Mr. Conway to tell him that they were running low on fuel and needed money. Mr. Conway promised to wire money to them, but Mr. Wilson and Mr. West never received it. They repeatedly called Mr. Conway, but he never answered his phone. Ultimately, Mr. Wilson borrowed money from his cousin to buy gas for the trip back to Akron.

{¶3} Mr. West and Mr. Wilson got back to Akron around midnight on Christmas Eve. Mr. West wanted Mr. Wilson to drive him home to Cleveland, but Mr. Wilson, claiming that he did not want to run out of gas on his drive back to Akron, refused. Instead, he suggested that Mr. West spend the night in the truck's cabin with the engine running until the gas finally ran out. Preferring to not spend the night in a truck that would likely run out of gas and heat, Mr. West unhitched the trailer, drove the truck to Cleveland, and parked it at a store near his home.

{¶4} The following Monday, Mr. Conway and Mr. Wilson became engaged in a dispute regarding Mr. Wilson's wages as well as the gas money. Mr. Wilson told Mr. Conway that, until Mr. Conway had paid him, Mr. Conway would not get the truck back. Mr. Conway called the police and Mr. Wilson was arrested.

{¶5} A jury convicted Mr. Wilson of unauthorized use of a vehicle, and the trial court sentenced him to six months imprisonment with six months suspended. He has appealed, raising three assignments of error for review. We have rearranged his assignments of error for ease of analysis.

II.

**ASSIGNMENT OF ERROR III**

"THERE WAS INSUFFICIENT EVIDENCE PRODUCED AT TRIAL TO SUPPORT MR. WILSON'S CONVICTION OF UNAUTHORIZED USE OF A VEHICLE"

{¶6} In Mr. Wilson's third assignment of error, he argues that there was insufficient evidence for the jury to find that he aided and abetted Mr. West in his unauthorized use of a motor vehicle. We disagree.

{¶7} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, at

¶18, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273. The State's evidence is sufficient if "any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.

{¶8} The jury convicted Mr. Wilson of violating R.C. 2913.03(B) by using or operating a vehicle without authorization. R.C. 2913.03(B) provides that "[n]o person shall knowingly use or operate * * * [a] motor vehicle * * * without the consent of the owner or person authorized to give consent, and * * * keep possession of it for more than forty-eight hours." "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]" R.C. 2923.03(A)(2). "A charge of complicity may be stated in terms of [R.C. 2923.03], or in terms of the principal offense." R.C. 2923.03(F). At trial, the jury was instructed as to the principal offense of unauthorized use of a vehicle as set forth in R.C. 2913.03(B) as well as aiding and abetting. In order to support a conviction by aiding and abetting,

> "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." *State v. Johnson* (2001), 93 Ohio St.3d 240, syllabus.

{¶9} According to Mr. Wilson, upon arriving in Akron, he took his belongings from the truck but left the keys in the ignition so Mr. West could keep the engine running if he chose

to sleep in the truck overnight. Instead, Mr. West unhitched the trailer from the truck and drove away. Mr. Wilson testified that he saw Mr. West do this but did not assist him.

{¶10} When Mr. Wilson met Mr. Conway a couple days later, the two men argued about Mr. Wilson's wages. According to Mr. Conway, Mr. Wilson told him that he would not get his truck back until Mr. Wilson was paid. However, Mr. Wilson denied this and testified that, when Mr. Conway asked him where the truck was, he told Mr. Conway that the truck was out of fuel in Cleveland.

{¶11} Mr. Conway contacted Mr. West who told him that the truck was in Cleveland, but Mr. Conway was unable to locate it when he went looking for it. After Mr. Conway returned home, Mr. Wilson called him to say that he was outside Mr. Conway's house with the paperwork necessary to get paid. However, Mr. Conway refused to see him because Mr. Wilson did not have the truck with him.

{¶12} Mr. Conway contacted the police and reported the truck stolen. Officers David Hileman and Brian Curtin responded to the call and spoke to Mr. Wilson at his home. Officer Hileman testified that Mr. Wilson told him that Mr. Conway would not be getting the truck back until he had paid Mr. Wilson, and Officer Curtin corroborated this testimony. Mr. Wilson denied that he said this, testifying that he told the officers that the truck was out of fuel in Cleveland.

{¶13} Mr. Conway, Officer Hileman, and Officer Curtin all testified that Mr. Wilson told them that Mr. Conway would not get the truck back until he paid Mr. Wilson and Mr. West. While Mr. Wilson denied threatening to withhold the truck until he was paid, we must view the evidence presented in the light most favorable to the State when reviewing its sufficiency. *Jenks*, 61 Ohio St.3d at 273. From the testimony of Mr. Conway, Officer Hileman, and Officer Curtin, the jury could have reasonably inferred that Mr. Wilson was supporting and/or encouraging Mr.

West in his unauthorized use of the vehicle. Accordingly, there was sufficient evidence for the jury to find that Mr. Wilson aided and abetted Mr. West in the commission of the offense.

{¶14} Mr. Wilson's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED WHEN IT PROVIDED AN IMPROPER AND INACCURATE [DEFINITION] OF 'AIDED AND ABETTED' IN JURY INSTRUCTIONS"

{¶15} Mr. Wilson argues that the trial court improperly included "conspired" in the definition of "aided and abetted." However, Mr. Wilson does not develop any argument concerning any possible detrimental effect from the inclusion of this word in the jury instruction.

{¶16} Initially, we note that Mr. Wilson's attorney objected to the complicity instruction being given to the jury. However, once the trial court proceeded to give the instruction, counsel did not object to the language of the instruction, and, furthermore, she even told the court that she "would object to taking that aider and abettor language out." Because Mr. Wilson did not object to the language of the jury instructions, he has forfeited all but plain error on appeal. See Crim.R. 52(B). However, Mr. Wilson has not developed a plain error argument, and, thus, we decline to address this alleged error. See App.R. 12(A)(2) and App.R. 16(A)(7).

{¶17} Mr. Wilson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE THE REQUIRED ACCOMPLICE TESTIMONY JURY INSTRUCTION"

{¶18} Mr. Wilson argues that the trial court committed reversible error by not giving the accomplice jury instruction as provided in R.C. 2923.03(D). We disagree.

{¶19} Mr. Wilson argues that his trial counsel's objection to the complicity instruction should be read as an objection to the jury instructions as a whole, including the failure to provide

the accomplice instruction. However, as discussed above, Mr. Wilson's counsel actually later objected to the aiding and abetting language being taken out of the proposed jury instructions. Furthermore, we disagree that "I would object to taking that aider and abettor language out[]" constituted an objection to the trial court's failure to give the R.C. 2923.03(D) accomplice instruction. Accordingly, because Mr. Wilson did not object to the trial court not giving the accomplice instruction, he has forfeited all but plain error on appeal.

{¶20} Generally, to establish plain error,

"'there must [first] be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights[]" [to the extent that it] * * * affected the outcome of the trial.'" *State v. Hardges*, 9th Dist. No. 24175, 2008–Ohio–5567, at ¶9, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 27.

"[E]ven if the defendant satisfies this burden, the appellate court has discretion to disregard the error and should correct it only to prevent a manifest miscarriage of justice." (Internal quotations and citation omitted.) *State v. Wamsley*, 117 Ohio St.3d 388, 2008–Ohio–1195, at ¶27.

{¶21} R.C. 2923.03(D) provides that:

"If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:

"'The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.

"'It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.'"

Importantly, R.C. 2923.03(D) requires the accomplice instruction when the accomplice testifies against the defendant. See *State v. Mitchell*, 9th Dist. No. 24730, 2009-Ohio-6950, at ¶14.

"Based on the clear meaning of the statute, R.C. 2923.03(D) only 'contemplate[s] circumstances where the alleged accomplice arranges to, and subsequently does, testify on behalf of the state against the defendant.'" (Emphasis omitted.) *State v. Feerer*, 12th Dist. No. CA2008-05-064, 2008-Ohio-6766, at ¶32, quoting *State v. Lancaster* (Jan. 10, 1990), 9th Dist. No. 14212, at *5.

{¶22} Typically, an accomplice either testifies for the State or for the defendant. However, this case presents the third scenario where the alleged accomplice testifies in his own defense at a joint trial. Mr. Wilson has not provided any legal authority that would suggest that a court commits plain error in failing to give the R.C. 2923.03(D) accomplice instruction in this scenario. In fact, giving such an instruction in a joint trial scenario could have been detrimental to Mr. Wilson. Telling the jury that Mr. West's testimony should be regarded with "grave suspicion[]" would undoubtedly undermine Mr. West's ability to mount a defense. R.C. 2923.03(D); see, e.g., *State v. Abboud*, 8th Dist. No. 80251, 2002-Ohio-4436, at ¶29 ("The accomplice instruction violated [the defendant's] right to testify in his own behalf because it unfairly told the jury that all of [his] testimony was suspect, even his testimony going to charges that did not involve [his co-defendant]."). However, there would be little reason for the trial court not to give the same instruction regarding Mr. Wilson's testimony as he was also alleged to be an accomplice of Mr. West. The end result would be the trial court telling the jury to treat the defendants' testimony differently than the testimony of the State's witnesses, impermissibly infringing on the defendants' due process rights. See *Abboud* at ¶29.

{¶23} As Mr. West did not testify on behalf of the State, the trial court did not err in failing to provide the R.C. 2923.03(D) accomplice jury instruction, and, therefore, Mr. Wilson has not demonstrated plain error.

{¶24} Mr. Wilson's second assignment of error is overruled.

III.

**{¶25}** Mr. Wilson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

MATTHEW P. GAECKLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.